Grace E. Baldwin v. Commissioner. Harold E. Baldwin v. Commissioner.
Baldwin v. Commissioner
Docket Nos. 13396, 13397.
United States Tax Court
1949 Tax Ct. Memo LEXIS 276; 8 T.C.M. (CCH) 98; T.C.M. (RIA) 49019; January 31, 1949
*276 Petitioner received a salary and a share of the profits of his employer's business. The profits for 1942 were determined at the end of the year and petitioner's share was paid him in January, 1943. Petitioner kept no books. Held, petitioner's share of the 1942 profits is 1943 income. Harold E. Baldwin, for the petitioners. Byron M. Coon, Esq., for the respondent. ARNOLD Memorandum Opinion ARNOLD, Judge: The respondent determined a deficiency of $1,038.58 in income and victory tax for 1943 and a penalty of $23.59 against each petitioner. The issue is whether income received in one year for services in the previous year is includable for tax purposes in the year in which earned or the year in which received. [The Facts] The petitioners are husband and wife. They filed separate income tax returns *277 for 1942 and separate income and victory tax returns for 1943 with the collector of internal revenue at Los Angeles, California. The returns stated that they were prepared on the cash basis. Harold E. Baldwin was employed in 1942 and 1943 by Eleanor Larson, doing business as Larson Ladder Company, receiving a monthly salary and a share of the profits. In 1942 he received $3,300 in salary and $4,000 in settlement of his claim for profits for the last half of 1941. In 1943 he received $300 as salary for the month of January, $600 as his share of the profits for January, $13,400 as his share of the profits for 1942, and $7,000 for the termination of his employment contract. In their 1942 returns each petitioner reported income of $8,350, dividing Harold E. Baldwin's earnings as community income and in their 1943 returns each reported income of $7,600. The share of the profits for 1942 was included in 1942 income and omitted from 1943 income. The share of the profits for 1941 was not reported on any return. The profits of the business were determined after the close of the year and Baldwin's portion was paid to him in the year after the profits were earned. [Opinion] There *278 is no controversy over the amount of the petitioner's income, the dispute is solely over the allocation between the taxable years 1942 and 1943 of the part representing Harold E. Baldwin's share of the profits of the business of his employer. In his brief, Baldwin argues that the petitioners reported the income on the accrual basis. However, Baldwin kept no personal books and, therefore, is required to report his income on the cash basis. An accrual basis without books is an anomaly. . The petitioners were on the cash basis. A taxpayer on the cash basis must generally report income in the year in which it is received. The only exception pertinent here is when income is constructively received. Regulations 111, section 29.42-2, provides in part: "Sec. 29.42-2. Income Not Reduced to Possession. - Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial *279 limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition." * * *
The evidence does not show that Baldwin constructively received his share of the 1942 profits in 1942. Operating statements prepared by the accountant showed the profits from month to month but the total profit for the year could not be known until the end of the year. The contract which Baldwin put in evidence called for determination of the profits at the end of the year and payment within 30 days thereafter. Baldwin contends on brief that he had authority to sign the check for his share of the profits and, therefore, could have paid himself at the end of the year. The evidence does not establish that he had such authority, but even if he had, the share of the profits remained undetermined until after the close of the year. It is not contended, and there is no showing, that Baldwin's share was credited to him on the books of the employer before the end of the year. The payment depended upon the outcome of the accounting and could *280 not be made within the year. See ; . The petitioners have not shown error in the respondent's determination of the deficiencies. Decisions will be entered for the respondent.